**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ISACC BROOKS MERAZ,<br><br>    Petitioner,<br><br>    v.<br><br>L. BIRD,<br><br>    Respondent. | Case No.: 1:25-cv-00910-SKO (HC)<br><br>ORDER TO ASSIGN DISTRICT JUDGE TO CASE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[21-DAY OBJECTION PERIOD] |

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition in the Sacramento Division of this Court on July 14, 2025.[1] (Doc. 1.) On July 25, 2025, the case was transferred to this Court. Upon review of the petition, the Court finds it violates the statute of limitations, is unexhausted, and fails to state a claim. The Court will therefore recommend that the petition be dismissed with prejudice.

////

---

[1] Although the petition was filed in this Court on July 21, 2025, the proof of service was dated July 14, 2025. Pursuant to the mailbox rule, a pro se habeas petition is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 266, 276 (1988). Therefore, under the mailbox rule, the Court deems the petition filed on July 14, 2025, the date Petitioner presumably handed his petition to prison authorities for mailing.

1

**DISCUSSION**

I.  Preliminary Review of Petition

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

II.  Limitations Period for Filing Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on July 14, 2025, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, Petitioner was sentenced in Tulare County Superior Court on May 27, 2010. (Doc. 1 at 28.[2]) Petitioner appealed the conviction. On June 30, 2011, the Fifth District Court of Appeal reversed the restitution order but affirmed the judgment in all other respects. People v. Meraz, No. F060411, 2011 WL 2575003, at *18 (Cal. Ct. App. June 30, 2011). Petitioner then filed a petition for review in the California Supreme Court. On October 4, 2011, the California Supreme Court denied the petition. Id. Therefore, direct review concluded on January 2, 2012, when the 90-day period for filing a petition for writ of certiorari expired. Bowen v. Roe, 188 F.3d 1157 (9th Cir.1999). The statute of limitations commenced on the following day – January 3, 2012. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Absent

---

[2] Citations are to ECF pagination unless otherwise noted.

2

applicable tolling, the last day to file a federal habeas petition was January 2, 2013. The instant petition is therefore untimely by over 12 years.

      A.      Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A "properly filed" application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), *abrogated on other grounds as recognized by* Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008) (*per curiam*); see Evans v. Chavis, 546 U.S. 189, 193-194 (2006); Carey v. Saffold, 536 U.S. 214, 220, 222-226 (2002); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

In this case, Petitioner filed three collateral petitions in the state courts as follows:

First Petition
Tulare County Superior Court;
Filed: November 21, 2023;
Denied: December 12, 2023;

Second Petition
California Court of Appeals, Fifth Appellate District;
Filed: January 12, 2024;
Denied: May 9, 2024;

Third Petition
California Supreme Court;
Filed: June 26, 2024;
Denied: September 18, 2024.

(Doc. 1 at 31-60.)

Petitioner delayed filing his first post-conviction collateral challenge for over 10 years after the limitations period expired. Tolling is unavailable for these untimely petitions. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (untimely petition is not considered "properly filed" for purposes of § 2244(d)(2)). Therefore, the federal petition is untimely.

To the extent that Petitioner may argue that the state court's denial of his petition for resentencing restarts the statute of limitations, the argument is without merit. A state court's denial of a petition for resentencing does not constitute a new judgment for purposes of § 2254. Brown v. Atchley, 76 F.4th 862, 874 (9th Cir. 2023). Petitioner was not resentenced, nor was the judgment amended. "[T]he statute of limitations must run from the judgment pursuant to which the petitioner is being held." Smith v. Williams, 871 F.3d 684, 687 (9th Cir. 2017); see, e.g., Ware v. Shinn, 2023 WL 3631648 (D. Ariz. Feb. 24, 2023), *report and recommendation adopted in part sub nom*, Ware v. Thornell, 2023 WL 3627451 (D. Ariz. May 24, 2023). In this case, as previously noted, judgment became final on January 2, 2012.

III.    Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

In this case, Petitioner presents two claims for relief: 1) He claims counsel provided ineffective assistance on appeal; and 2) He claims the sentencing court failed to address changes in the law and properly evaluate his petition for resentencing under California's Racial Justice Act. Neither claim was presented on direct appeal.

Petitioner's first claim was presented in his state habeas petitions, and his second claim was presented in his state habeas petitions to the extent it was grounded in state law. However, the state habeas petitions were dismissed on procedural grounds. The Tulare County Superior Court rejected

4

the petition for failing to provide proof of service on the necessary parties, failure to submit claims on the proper judicial council form, and failure to identify his claims with sufficient particularity. (Doc. 1 at 31.) Petitioner did not properly refile his petition in the sentencing court. The petition filed in the Fifth District Court of Appeal was denied without prejudice for failure to cure the deficiencies and exhaust his claims in the superior court prior to filing in the appellate court. The California Supreme Court summarily denied the claim without comment. The summary denial may be viewed as limited to the procedural grounds identified by the appellate court, and it cannot be assumed that the California Supreme Court's summary denial for discretionary review was on the merits. McQuown v. McCartney, 795 F.2d 807, 810 (9th Cir. 1986). Because both claims were rejected on procedural grounds and not on the merits, they are unexhausted, in addition to being untimely.

IV.     Failure to State a Claim

In addition to the foregoing, the second ground for relief does not present a cognizable habeas claim. Petitioner alleges the sentencing court failed to properly review his petition for resentencing under Cal. Penal Code § 1473, California Assembly Bills 256 and 1308, and Senate Bill 261. (Doc. 1 at 21.) Petitioners seeking federal habeas relief must allege that they are in custody "pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[F]ederal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991) (citations omitted). "[E]rrors of state law do not concern us unless they rise to the level of a constitutional violation." Oxborrow v. Eikenberry, 877 F.2d 1395, 1400 (9th Cir. 1989).

The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). To succeed in a petition pursuant to Section 2254, a petitioner must demonstrate that the adjudication of his claim in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1), (2). Petitioner may only seek habeas relief if the nature or duration of his imprisonment violates federal constitutional provisions.

Here, Petitioner alleges the sentencing court erred in evaluating his petition for resentencing pursuant to recent changes in California law. Petitioner is challenging the state court's application of state sentencing laws. Such a claim does not give rise to a federal question cognizable on federal habeas review. Lewis v. Jeffers, 497 U.S. 764 (1990); Sturm v. California Youth Authority, 395 F.2d 446, 448 (9th Cir. 1967) ("a state court's interpretation of its [sentencing] statute does not raise a federal question.")  Insofar as Petitioner seeks to challenge the California state courts' interpretation and application of California state law, this Court has no authority in habeas to address such a challenge.

**ORDER**

The Clerk of Court is directed to assign a district judge to this case.

**RECOMMENDATION**

For the foregoing reasons, the Court HEREBY RECOMMENDS that the habeas corpus petition be DISMISSED WITH PREJUDICE for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one-year limitations period, failure to exhaust state remedies, and failure to state a claim.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is

immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **July 28, 2025**                          /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE