UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISACC BROOKS MERAZ,<br><br>             Petitioner,<br><br>      v.<br><br>L. BIRD,<br><br>             Respondent. | No. 1:25-cv-00910-KES-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE, DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>Doc. 7 |

Petitioner Isacc Brooks Meraz is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 29, 2025, the assigned magistrate judge issued findings and recommendations to dismiss the petition because AEDPA's statute of limitations has lapsed, petitioner failed to exhaust state remedies, and petitioner failed to state a claim. Doc. 7. Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. On August 18, 2025, petitioner filed objections to the findings and recommendations. Doc. 10.

1  In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the case. Having carefully reviewed the file, including petitioner's objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis. In his objections, petitioner alleges the statute of limitations should not bar his claims because he raises a claim under California's Racial Justice Act, a statute which was enacted after AEDPA's statute of limitations had lapsed. As noted by the magistrate judge, however, such claims are not cognizable in federal habeas actions. Federal habeas relief is available only when a petitioner has been convicted or sentenced in violation of federal law. 28 U.S.C. § 2254. It is well-established that alleged state law errors are not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Thus, multiple federal district courts in California have held that CRJA claims are not cognizable on federal habeas review. *See Allen v. Guzman*, Case No. 2:23-cv-10929-SVW-MAA, 2025 WL 1122360, at *4 (C.D. Cal. Mar. 12, 2025) (collecting cases). Therefore, even if the Court were to deem the CJRA claim timely, it is not cognizable.

Having found that petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is allowed only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. Where, as here, the Court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the Court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

In the present case, the Court finds that reasonable jurists would not find the Court's determination that there is a plain procedural bar present to be debatable or wrong. Therefore, the

1  Court declines to issue a certificate of appealability.

2  Accordingly,

3  1. The findings and recommendations issued on July 29, 2025, Doc. 7, are adopted in
4  full;
5  2. The petition for writ of habeas corpus is dismissed with prejudice;
6  3. The Clerk of Court is directed to enter judgment and close the case; and
7  4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   August 26, 2025

_____
UNITED STATES DISTRICT JUDGE

3